IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARMAINE ELVEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-02480 |
| | ) |
| THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JOHNSON, BETH JOHNSON, MATTHEW FLETCHER, and TIFFANY HENTSCHEL, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendants hereby remove to the United States District Court for the District of Kansas the action styled *Charmaine Elven v. The Board of County Commissioners of the County of Johnson, et al.,* Case No. 20CV03451, currently pending in the Tenth Judicial District Court for the State of Kansas, Johnson County (the "State Court Action"). Defendants remove this action based on federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

**I.      THE STATE COURT ACTION**

1. On or about August 14, 2020, Plaintiff commenced the State Court Action, with the styling and case number stated above. *See* Exhibit A.

2. Plaintiff's original Petition in the State Court Action did not include a claim of violation of federal law. *Id.* at 3-16.

3. On October 24, 2022, Plaintiff filed a First Amended Petition, which alleges violations of 42 U.S.C. § 1983. *Id.* at 210-240.

4.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Defendants in the State Court Action are attached as Exhibit A.

## II.     VENUE

5.      Venue is proper in this Court because Plaintiff originally filed this case in the Tenth Judicial District Court for the State of Kansas, Johnson County, and Kansas constitutes one judicial district. *See* 28 U.S.C. § 96, 1446(a); D. Kan. Rule 81.1(b)(1).

## III.    JURISDICTION

6.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and it is one that may be removed to this Court under 28 U.S.C. § 1441 because it raises a federal question.

7.      Plaintiff is pursuing this action under a federal statute as a vehicle to bring claims that arise under the federal constitution. Namely, Plaintiff alleges violations of her Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983 for Malicious Prosecution against Defendant County (Count II), Defendant Johnson (Count III), Defendant Fletcher (Count IV), and Defendant Hentschel (Count V).

8.      Counts II-V, being based on constitutional claims for malicious prosecution brought under 42 U.S.C. § 1983, are within this Court's federal question jurisdiction under 28 U.S.C. § 1331. Counts II-V, therefore, may be removed pursuant to 28 U.S.C. § 1441.

9.      Because actions under 42 U.S.C. § 1983 involve claims arising under the laws of the United States, they may be removed to this Court under 28 U.S.C. §§ 1441(b) and 1446, without regard to the amount in controversy or the parties' citizenship or domicile.

10.     Supplemental jurisdiction exists for Plaintiff's remaining state law claims because they "derive from a common nucleus of operative facts," and they are so linked to the federal

claims that a plaintiff generally would be expected to try them all in a single judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130 (1966). In Counts I, VI, and VII, Plaintiff alleges state law claims for Retaliation in Violation of Public Policy, Malicious Prosecution, and Abuse of Process against Defendant County. The state claims substantially relate to the federal malicious prosecution claims because the behavior that led to Plaintiff's termination is also the behavior that was the subject of the criminal prosecution upon which Plaintiff's abuse of process and malicious prosecution claims are based. *See* First Amended Complaint in Exhibit A. As such, this Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367.

## IV.   TIMELINESS AND COMPLIANCE WITH REMOVAL PROVISIONS

11.   On October 26, 2022, Plaintiff served the Individual Defendants[1] with their respective Summonses and the First Amended Petition. Exhibit B, Email from Plaintiff's counsel. This Notice of Removal is timely because it is filed within 30 days of service of the First Amended Petition (the pleading that first asserted federal claims).[2] *See* U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-348 (1999).

12.   Pursuant to 28 U.S.C. § 1446(d) and D. Kan. Rule 81.1(c), Defendants will promptly file a copy of the Notice of Removal with the Clerk of the Tenth Judicial District Court, Johnson County, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

---

[1] Defendant County (the only Defendant in Plaintiff's original Petition) received notice of the filing of the First Amended Complaint on October 24.

[2] Plaintiff previously filed a different lawsuit against some of the Defendants currently in this case. That case, Case No. 20-2074-JAR-GEB, included a state law public policy retaliation claim, as well as several federal claims. *See* Exhibit A at 35-55. The defendants in that case moved to dismiss the federal claims, and The Honorable Judge Julie Robinson granted that motion, dismissing those claims with prejudice. Exhibit A at 63. Judge Robinson also granted Plaintiff's motion to dismiss the remaining state-law claim without prejudice. *Id* at 66-71. Subsequently, Plaintiff filed the State Court Action. The original Petition in the State Court Action included only Defendant County as a Defendant and included only Plaintiff's state-law public policy retaliation claim. *Id*. at 3-16. Plaintiff later filed her First Amended Petition, which added the Individual Defendants, including Tiffany Hentschel, who had never previously been a party to either of Plaintiff's lawsuits, and which is the subject of this Removal. *Id*. at 210-240.

13. By filing this Notice of Removal, Defendants do not waive any defenses to Plaintiff's allegations or objections to personal jurisdiction, including but not limited to, sufficiency of process, service of process, and jurisdiction. Defendants also reserve the right to amend or supplement this Notice of Removal.

## V. CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendants hereby remove this case to this Honorable Court from the Tenth Judicial District Court, Johnson County, Kansas, and request that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

/s/ Jeannie M. DeVeney
Jeannie M. DeVeney, #17445
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO  64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
jdeveney@littler.com

ATTORNEY FOR DEFENDANTS

5

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2022, a true and correct copy of the foregoing was electronically submitted via the Court's e-filing system, which generated notice of same to the following counsel of record:

Daniel L. Doyle
Robert A. Bruce
DOYLE & ASSOCIATES LLC
748 Ann Avenue
Kansas City, KS 66101
Telephone: 913.371.1930
Facsimile: 913.371.0147
Dan@KCLaw.com
Robert@KCLaw.com

ATTORNEYS FOR PLAINTIFF

*/s/ Jeannie M. DeVeney*
ATTORNEY FOR DEFENDANTS

5